UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANABEL MARTINEZ, for
NAHYR M. CORTES,

        Plaintiff,

v.                          CASE No. 8:04-CV-625-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

      The plaintiff seeks judicial review of the denial of her claim for supplemental security income payments on behalf of her daughter.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

      Nahyr M. Cortes was born on October 22, 1987, and was fifteen years old at the time of the administrative hearing. The plaintiff, who is the child's mother, has filed a claim for supplemental security

_____

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

income.  She alleges that the child is disabled due to nephrotic syndrome (Tr. 71).  The claim was denied initially and upon reconsideration.

At the plaintiff's request, a <u>de novo</u> hearing was conducted by an administrative law judge.  Following the hearing, the law judge found that the child has a severe impairment of "nephrotic syndrome (renal disease)" (Tr. 20).  The law judge concluded, however, that the child does not have an impairment which meets, equals, or functionally equals, the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (<u>id</u>. at ¶4).  The law judge, therefore, determined that the child was not disabled.  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

The Social Security Act was amended in 1996 with respect to eligibility for child's disability benefits to make the requirements more rigorous.  As amended, the Act now provides (42 U.S.C. 1382c(a)(3)(C)(i)):

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. See 20 C.F.R. 416.924-416.926a.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. 416.924(c). If she does not, the child is considered not disabled. Id. If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. 416.924(d). If the child does, then she is deemed disabled. 20 C.F.R. 416.924(d)(1). If she does not, then she will be found not disabled. 20 C.F.R. 416.924(d)(2).

As indicated, the plaintiff can establish the child's disability by showing that she meets, or medically equals, an impairment listed in Appendix 1. In addition, the plaintiff can demonstrate a disability by

showing that she functionally equals a listed impairment. As pertinent here, the plaintiff can prove a functional equivalency by demonstrating that the child has an extreme limitation in one, or a marked limitation in two, of six "domains" of functioning. 20 C.F.R. 416.926a(a). The six domains of functioning are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for herself, and (6) health and physical well-being. 20 C.F.R. 416.926a(b)(1)(i)-(vi).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

-4-

by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989 (5th Cir. 1963).  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's challenge to the law judge's decision is fundamentally flawed by her reliance upon evidence that was not before the law judge and that was first submitted to the Appeals Council.  As the Commissioner correctly points out, the court of appeals held in <u>Falge</u> v. <u>Apfel</u>, 150 F.3d 1320, 1323 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1124 (1999), that where, as here, the Appeals Council has denied review, evidence that was first submitted to the Appeals Council is not to be considered in determining whether the law judge's decision is supported by substantial evidence.   The plaintiff's argument not only fails to acknowledge <u>Falge</u>, but it is contrary to <u>Falge</u>'s holding.

The plaintiff states that she submitted 159 pages of additional evidence to the Appeals Council.  Much of that evidence is not material because it relates to such things as the child's treatment for chicken pox. Included in the new evidence, however, is a report from the child's treating

psychiatrist, Dr. Stephen Commins (Tr. 231).  That new evidence indicates more severe impairments and describes more detailed limitations than any statement from Dr. Commins that was before the law judge (compare, e.g., Tr. 159).  But, as noted, the new report from Dr. Commins cannot be considered in determining whether the law judge's decision is supported by substantial evidence.  Consequently, the argument that is based on that new evidence (Doc. 17, pp. 15-18) is rejected.

The only argument that the plaintiff raises in her memorandum that is not based upon the new evidence is the contention that the law judge erred at step two of the sequential analysis by not finding that the child had a severe impairment of depression.  The Commissioner persuasively responds with a detailed explanation why the law judge could reasonably find under the evidence before him that the child's depression was not a severe impairment (Doc. 19, pp. 8-10).

In any event, an incorrect determination at step two concerning whether the child's depression should be labeled a severe impairment would not constitute reversible error.  Importantly, this is not a case where the sequential analysis ended at step two because the child had no severe impairment.  Rather, having concluded that the nephrotic syndrome was a

severe impairment, the law judge proceeded to step three and analyzed, among other things, whether the combination of the plaintiff's impairments amounted to the functional equivalent of a listed impairment. In doing so, he clearly considered any functional limitations caused by the child's mental and emotional condition (see Tr. 24-25). Significantly, the plaintiff has made no attempt to show that, based on the record before the law judge, his assessment of the six domains was not supported by substantial evidence. Consequently, since the plaintiff has not established that the law judge failed to consider any functional limitation caused by the child's depression that was reflected in the evidence before him, it makes no difference whether or not the law judge called the depression a severe impairment.

Notably, the law judge also concluded that the child's impairments do not meet, or medically equal, any listed impairment (Tr. 20). The plaintiff makes no contention that there was not substantial evidence in the record to support this determination.

In short, the plaintiff has failed to show that the evidence that was before the law judge supports a challenge to his decision. Rather, she relies primarily on evidence that was first submitted to the Appeals Council

for her challenge.  However, as indicated, <u>Falge</u> bars reliance on the newly-submitted evidence as a basis for reversal.

As <u>Falge</u> points out, however, newly-submitted evidence may be the basis for a remand under the sixth sentence of 42 U.S.C. 405(g).  <u>See</u> 150 F.3d at 1323.  The plaintiff, however, makes no request for such a remand.  Thus, there is no mention of sentence six or the elements that need to be shown in order to obtain a remand.  Consequently, any latent request for a sentence-six remand is deemed waived.

In any event, the plaintiff has not made the showing necessary to obtain a remand.  In order for a remand to be justified under the sixth sentence of §405(g), the plaintiff must show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the evidence at the appropriate administrative level.  <u>Id</u>.  A consideration of the last element is enough to defeat a sentence-six remand.

The arguably new and material evidence is the report of March 12, 2003, from Dr. Commins (Tr. 231).  Since Dr. Commins has been treating the child since May 2001, there is no apparent reason why his report

could not have been presented to the law judge in a timely manner, and the plaintiff certainly has not proffered any. Thus, the plaintiff has not shown good cause for her failure to submit the report to the law judge.

Notably, it would have been no answer to this deficiency to say that Dr. Commins' report reflected a newly-worsened condition if, in fact, it did. In that event, the evidence would not be material because it would not relate back to the period before the law judge's decision on December 20, 2002. See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999). However, as the Commissioner points out, the new evidence may support a new application for benefits.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is supported by substantial evidence and is therefore AFFIRMED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 25th day of May, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE